UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| **In re:** <br><br> **Justin T. Freed,** <br>     Debtor. <br><br> **U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust,** <br><br>     Movant, <br><br> v. <br><br> **Justin T. Freed,** <br>     Debtor/Respondent, <br><br> **Rachael Wilson,** <br>     Co-Debtor/Respondent, <br><br> **KENNETH E. WEST, Esquire,** <br>     Trustee/Respondent. | **Bankruptcy No. 23-10357-pmm** <br><br> **Chapter 13** <br><br> Hearing Date: June 28, 2023 <br> Hearing Time: 1:00 p.m. <br> Location: 900 Market Street, Suite 400 <br> Philadelphia, PA 19107 Courtroom #1 |

**MOTION OF U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY TO PERMIT U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST TO FORECLOSE ON 145 DIAMOND ST, #A, SELLERSVILLE, PENNSYLVANIA 18960.**

Secured Creditor, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301, for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor, Justin T. Freed, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on February 7, 2023.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334,

11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On June 29, 2007, Justin Freed and Rachael Wilson executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $184,300.00 to Arlington Capital Mortgage Corp. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on September 12, 2007 in Document ID 2007083457 of the Public Records of Bucks County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located 145 Diamond St, #A, Sellersville, Pennsylvania 18960, ("the Property").

6. A loan modification was entered into on May 10, 2017, creating a new principal balance of $179,772.28. A true and correct copy of the Agreement is attached hereto as Exhibit "C."

7. The loan was lastly assigned to U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust and same was recorded with the Bucks County Recorder of Deeds on April 6, 2022, as Document ID 2022023267. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D."

8. Based upon the Debtor's First Amended Chapter 13 Plan (Docket No. 22), the Debtor intends to cure Secured Creditor's pre-petition arrearages within the Plan and is responsible for maintaining post-petition payments directly to Secured Creditor. A true and correct copy of the First Amended Chapter 13 Plan is attached hereto as Exhibit "E."

9. Co-Debtor, Rachael Wilson, is liable on and/or has secured the aforementioned debt with the Debtor.

10. Upon review of internal records, Debtor has failed to make the monthly post-petition payments of principal, interest, and escrow to Secured Creditor in the amount of $1,134.07 which came due on March 1, 2023, April 1, 2023, and May 1, 2023, respectively, less suspense of $1,030.00.

11. Thus, Debtor's post-petition arrearage totaled the sum of $2,372.21 through May 11, 2023.

12. Upon review of internal records, the current unpaid principal balance due under the loan documents is approximately $175,996.79. Movant's total claim amount, itemized below, is approximately $234,526.58. See Exhibit "F."

| Principal | $175,996.79 |
|---|---|
| Interest (From 06/01/19 To 05/11/23) | $28,860.70 |
| Escrow/Impound Required | $21,462.97 |
| Late Charges Due | $622.08 |
| Fess Currently Assessed | $7,584.04 |
| Payoff Funds Required | $234,526.58 |

13. According to the Debtor's schedules, the value of the property is $254,630.00. A true and accurate copy of the Debtor's Schedule A/B is attached hereto as Exhibit "G."

14. Debtor's schedules indicate there is an additional lien secured by the subject property in favor of Pennsylvania Department of Revenue in the amount of $7,071.42. A true and accurate copy of the Debtor's Schedule D is attached hereto as Exhibit "H."

15. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay and Co-Debtor stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) and Co-Debtor stay pursuant to 11 U.S.C. § 1301 is established where a debtor has failed to make

installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

16. As set forth herein, Debtor has defaulted on the secured obligation having failed to make all monthly post-petition installment payments due to Secured Creditor.

17. As a result, cause exists pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

18. Additionally, once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 to permit U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Dated: June 8, 2023

        **Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
        Attorney for Secured Creditor
        13010 Morris Rd., Suite 450
        Alpharetta, GA 30004
        Telephone: 470-321-7112

By: /s/ Michelle L. McGowan
Michelle L. McGowan, Esquire
PA Bar Number 62414
Email: mimcgowan@raslg.com